UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Wesley Walter Bower,<br>    Petitioner,<br><br>-v-<br><br>Shane Jackson,<br>    Respondent. | No. 1:16-cv-1194<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 3, 2016, Petitioner Wesley Bower filed a Petition under 28 U.S.C. § 2254, seeking relief from his state convictions for murder and possession of a firearm during the commission of a felony. (ECF No. 1.) The magistrate judge ordered the state to respond and then filed a 39-page Report and Recommendation (R & R) on November 2, 2018 thoroughly addressing the issues presented and concluding that the petition was meritless. (ECF No. 16.) The matter is now before the Court on Petitioner's objections to the R & R, which were filed on November 19, 2018. (ECF No. 17.)

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice).

Here, Petitioner wrote in his objections that he was filing a brief in support of his objections. However, no brief has ever been filed, nor has Petitioner requested an extension of time to do so. In the document filed, Petitioner merely asserts that the Report and Recommendation "is wrong" and that his confinement violates the laws of the United States. He offers no specific objections cognizable for review. *Marshall*, 806 F.2d at 637.

Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 17) and **ADOPTS** the Report and Recommendation as the Opinion of the Court. (ECF No. 16.) The Petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a

reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**Date:** March 20, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

3